```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
ANTHONY COLESANTI                  )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 18-491 WES
                                   )
BECTON DICKINSON as successor      )
entity to BARD DAVOL, INC.,        )
a division of C.R. BARD, INC.,     )
                                   )
        Defendant.                 )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R"), ECF No. 22, which recommends that the Court grant Defendant's Motion to Dismiss. ECF No. 10. Plaintiff Anthony Colesanti ("Colesanti") filed a timely objection to the R&R ("Obj."), ECF No. 23, and Defendant filed a timely response to that objection, ECF No. 28. This Court's review of such objections is de novo. See Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the Court accepts the R&R.

The crux of this matter is whether Colesanti engaged in protected activity under 18 U.S.C. § 1514A, the Sarbanes-Oxley Act ("SOX"). The SOX protects employees who subjectively believe they are disclosing fraudulent activity covered by the SOX, where that subjective belief is also objectively reasonable. 18 U.S.C.

§ 1554a; Sylvester v. Parexel Int'l LLC, ARB No. 07-123, 2011 WL 2517148, *12 (U.S. Dept. of Labor May 25, 2011). Therefore, Colesanti's Complaint must allege his objectively reasonable subjective belief that he was disclosing Defendant' fraudulent conduct. However, even with all inferences drawn in Colesanti's favor, the Court agrees with the Magistrate Judge that "there is not a whiff of fraud, deceit or misrepresentation buried in these allegations." R&R 17.

Colesanti objects to the Magistrate Judge's characterization of himself as a "SOX-sophisticated" attorney, rather than a patent and trademark attorney. Obj. 2. However, Magistrate Judge Sullivan's R&R did not rely on an assumption that Colesanti was an expert in SOX law; rather, she concluded that it was unreasonable to believe that a person with Colesanti's general "legal training and experience" could form a subjective belief that the conduct he reported constituted fraud. R&R 17.

Colesanti also objects to the Magistrate Judge's assertion that his belief was not objectively reasonable. Obj. 3. Colesanti insists that the Court can "infer" from Defendant's actions that, after Colesanti initially disclosed the overpayments, Defendant "fraudulently" concealed those overpayments and the system that led to them. Obj. 4. The Court declines to make such an inference based solely on Colesanti's conclusory allegations, particularly where all of Defendant's actions have innocuous explanations and

2

do not objectively demonstrate fraud.  See R&R 20-21; Ashcroft v. Iqbal 556 U.S. 662, 1949-50.  The Court has also considered Plaintiff's remaining arguments and deems them to be without merit.

Accordingly, the Court fully ACCEPTS the R&R, ECF No. 22, and adopts its reasoning.  Defendant's Motion to Dismiss, ECF No. 10, is GRANTED in its entirety.  Judgment will enter for Defendant.
IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 27, 2019